```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JESSICA SARGENT,                  §
          Plaintiff,              §
                                  §
v.                                §
                                  §    CIVIL ACTION NO. H-10-4252
SAFECO INSURANCE COMPANY          §
OF INDIANA, KYLE E. McRAE,        §
and ROBERT ANTHONY,               §
          Defendants.             §
```

**MEMORANDUM OPINION AND ORDER**

The defendant, Safeco Insurance Company of Indiana ("Safeco"), removed this action from the 11th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2010-56068. Pending before the court are Plaintiff Jessica Sargent's Motion to Remand and Supporting Memorandum (Docket Entry No. 9) and Defendants Kyle E. McRae and Robert Anthony's Motion to Dismiss (Docket Entry No. 10). At issue is whether Anthony, one of the adjusters for Sargent's claim, is a proper defendant in this action. For the reasons explained below, Sargent's motion to remand will be granted.

**I.  Factual and Procedural Background**

**A.  Underlying Facts**

Prior to the events giving rise to this action Safeco issued a homeowners' insurance policy to Sargent.[1] During the evening of

---

[1] Plaintiff's Original Petition, Exhibit A to Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity) ("Notice of Removal"), Docket Entry No. 1, ¶ 11.

September 12 and the early morning of September 13, 2008, Sargent's home was damaged by Hurricane Ike, a category 2 hurricane that inflicted substantial destruction throughout the Texas Gulf Coast area.[2]  Sargent submitted a claim to Safeco, seeking payment for damages to the exterior and interior of her home, including the roof, ceilings, walls, insulation, and flooring.[3]  Safeco assigned the claim to McRae and Anthony, individual adjusters who inspected Sargent's home and reported the damages to Safeco.[4]  Sargent alleges that "she has yet to be fully compensated for her damages by Safeco."[5]

**B.   Sargent's Allegations**

Sargent initiated this action on September 7, 2010, in Texas state court.[6]  In laying out the factual basis for her causes of action, Sargent alleges:

> 17.   Defendant Safeco assigned Defendants McRae and Anthony as the individual adjusters on the claim. Defendants McRae [sic][7] conducted a substandard

---

[2]Id. ¶ 14.

[3]Id. ¶¶ 14–15.

[4]Id. ¶ 16.

[5]Id. ¶ 17.

[6]Id. at 1.

[7]It is not clear from this sentence whether Sargent is alleging that both McRae and Anthony conducted a substandard investigation (meaning that the author of the petition mistakenly omitted Anthony), or that only McRae conducted a substandard investigation (meaning that the author mistakenly wrote "Defendants" instead of "Defendant").

>and/or investigation inspection [sic] of Plaintiff's property. This is evident in his report which failed to include all of the damages noted upon inspection. Moreover, the damages that he did include were severely undervalued. McRae's and Anthony's unreasonable investigations led, in part, to the severe underpayment of Plaintiff's claim and have caused her damages. Despite Plaintiff's dispute of the claim, she has yet to be fully compensated for her damages by Safeco.[8]

Sargent separates her causes of action into three categories: causes of action against McRae and Anthony, causes of action against all the defendants, and causes of action against Safeco.[9] Sargent alleges that McRae and Anthony violated Chapter 541 of the Texas Insurance Code by:

>(1) "misrepresent[ing] to [Sargent] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence";
>
>(2) fail[ing] to make an attempt to settle [Sargent's] claim in a fair manner, although they were aware of their liability to [Sargent] under the Policy";
>
>(3) "fail[ing] to explain to [Sargent] the reasons for their offer of an inadequate settlement," and specifically, by "fail[ing] to offer [Sargent] adequate compensation, without any explanation why full payment was not being made," "not communicat[ing] that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy," and not "provid[ing] any explanation for the failure to adequately settle [Sargent's] claim";
>
>(4) "fail[ing] to affirm or deny coverage of [Sargent's] claim within a reasonable time"; and
>
>(5) "refus[ing] to fully compensate [Sargent], under the terms of the Policy, even though [the defendants] failed

---

[8] Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 17.

[9] Id. ¶¶ 33-58.

to conduct a reasonable investigation," specifically, "an outcome-oriented investigation" that "resulted in a biased, unfair, and inequitable evaluation of [Sargent's] losses on the Property."[10]

Sargent also alleges that McRae and Anthony, together with Safeco, are liable for fraud and conspiracy to commit fraud.[11]

**C.   Safeco's Removal**

Safeco removed the action on November 1, 2010, on the basis of diversity jurisdiction.[12] Sargent resides in Texas,[13] Safeco is an Indiana corporation with its principal place of business in the state of Washington,[14] McRae resides in Alabama,[15] and Anthony resides in Texas.[16] Safeco argues that although Anthony is a citizen of Texas, he was "improperly joined to defeat diversity."[17]

Sargent moved to remand the action on December 1, 2010, contending that her petition alleges a valid cause of action

---

[10]Id. ¶¶ 21-25.

[11]Id. ¶¶ 40-43.

[12]Notice of Removal, Docket Entry No. 1, ¶ 1.  The parties do not dispute that the amount in controversy exceeds $75,000.

[13]Id. ¶ 2.

[14]Notice of Removal, Docket Entry No. 1, ¶ 4.

[15]Plaintiffs' Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 4.

[16]Agent Profile of Robert Anthony, Exhibit A to Plaintiff Jessica Sargent's Motion to Remand and Supporting Memorandum ("Plaintiff's Motion"), Docket Entry No. 9, p. 1.

[17]Notice of Removal, Docket Entry No. 1, ¶ 5.

against Anthony under the Texas Insurance Code.[18]  Safeco responds that Sargent does not allege any facts that are attributable to Anthony individually, and that the allegations against Anthony instead consist of mere boilerplate language from the Insurance Code.[19]

## II. Standard of Review

### A. Removal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  See Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441). Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  If jurisdiction is based on diversity, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b).

The removing party bears the burden of establishing that a state-court suit is properly removable to federal court.  Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

---

[18]Plaintiff's Motion, Docket Entry No. 9, ¶ 26.

[19]Defendants' Response to Plaintiff's Motion to Remand ("Defendants' Response"), Docket Entry No. 11, ¶¶ 4-5.

Federal courts generally base decisions about subject-matter jurisdiction after removal on the plaintiff's allegations as they existed when the defendant removed the action.  Kidd v. Southwest Airlines Co., 891 F.2d 540, 546 (5th Cir. 1990).  Doubts about the propriety of removal are to be resolved in favor of remand. Manguno, 276 F.3d at 723.

**B.    Improper-Joinder Standard**

A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined.  Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). A removing party attempting to prove improper joinder carries a heavy burden.  Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002).  To establish that a nondiverse defendant has been improperly joined to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.  Gasch, 491 F.3d at 281 (citing Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005)).  Since the parties do not dispute that Anthony is a Texas resident, only the second method is at issue in this action.  "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility

-6-

of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573.

The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." Id. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state [or nondiverse] defendant." Smallwood, 385 F.3d at 574. In Smallwood the Fifth Circuit provided several examples of evidence that might invalidate a plaintiff's cause of action under a pierce-the-pleadings inquiry: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." Id. at 574 n.12.

"[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  Id. at 573.  When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendant alone, the requisite showing has not been made.  Id. at 575.  Furthermore, in deciding whether a party was improperly joined, all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, id., and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff.  Gasch, 491 F.3d at 281.

### III.  **Analysis**

Safeco contends that Sargent's petition lacks a viable claim against Anthony because it does not "describe any specific, individual conduct by Anthony that could subject him to individual liability."[20]  Sargent alleges in her petition that Anthony engaged in unfair settlement practices in violation of Section 541.060 of the Texas Insurance Code.[21]  The specific unfair settlement practices alleged include "misrepresenting material facts" relating to the coverage provided under the policy, "failing to attempt in

---

[20]Defendants' Response, Docket Entry No. 11, ¶ 4.

[21]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶¶ 33-39.

good faith to effectuate a prompt, fair, and equitable settlement of the claim," "failing to promptly provide [Sargent] with a reasonable explanation of the basis in the Policy" for the settlement offer, "failing within a reasonable time to affirm or deny coverage," and "refusing to pay [Sargent's] claim without conducting a reasonable investigation."[22]

These general allegations are buttressed by those found in previous paragraphs of the petition, where Sargent alleges that Anthony was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property,[23] prepared a report that failed to include all of the damages that he noted during the inspection, undervalued the damages he observed during the inspection, and that Anthony's unreasonable investigation led to the underpayment of Sargent's claim.[24]

"[N]ear verbatim recitation[s] of portions of [the Insurance Code]" and petitions that "fail[] to allege facts illustrating what actions are attributable to [the insurance adjuster] individually" do not provide a reasonable basis for recovery against an in-state adjuster.  <u>Lakewood Chiropractic Clinic v. Travelers Lloyds Ins.</u>

---

[22]<u>Id.</u>

[23]The court will resolve the discrepancy created by a grammatical error in Paragraph 17 of the petition in favor of Sargent, reading the beginning of the sentence as "Defendants McRae [and Anthony] conducted a substandard . . . ."  <u>Id.</u> ¶ 17.

[24]<u>Id.</u> ¶ 17.

Co., 2009 WL 3602043, at *3, *2-4 (S.D. Tex. Oct. 27, 2009). See also Frisby v. Lumbermens Mut. Cas. Co., 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a petition alleging violations of the Insurance Code by both the insurer and the adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of the [adjuster]"). But here, Sargent's petition attributes conduct specifically to Anthony that is separate from the conduct Sargent attributes to Safeco.

The court's focus is on whether Anthony was properly joined, that is, whether there is any claim for which there is a reasonable basis to predict a favorable outcome against Anthony. See Smallwood, 385 F.3d at 573. Other courts in this district have concluded that such a reasonable basis exists when faced with plaintiffs who have alleged similar facts. See, e.g., Rankin Road, Inc. v. Underwriters at Lloyds of London, 2010 WL 4007619, at *5-6 (S.D. Tex. Oct. 12, 2010); Harris v. Allstate Tex. Lloyd's, 2010 WL 1790744, at *3-4 (S.D. Tex. Apr. 30, 2010) (granting motion to remand because the plaintiff's petition specifically alleged that the adjuster "was tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "misrepresent[ed] the policy coverage," "fail[ed] to attempt a fair settlement," and "fail[ed] to explain the insurer's reasons for denying payment"); Campos v. Am. Bankers Ins.

-10-

Co. of Fla., 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) (same).[25]

Safeco presents no summary-judgment type evidence containing "discrete and undisputed facts that would preclude plaintiff's recovery against [Anthony]." See Smallwood, 385 F.3d at 573-74. There is no evidence casting doubt on Sargent's allegations against Anthony or that demonstrates that Anthony was not involved with the inspection of the property or the handling of Sargent's claim. See id. at 574 n.12.[26]

The court concludes that Safeco has not met its burden to show that there is no reasonable basis for the court to predict that Sargent might recover from Anthony under the Texas Insurance Code.[27] Id. at 573. Sargent's petition contains actionable allegations specifically directed at Anthony. This conclusion is further supported by the fact that Safeco's argument attacking the

---

[25]By contrast, some courts analyzing factually similar cases have concluded that the individual adjuster was improperly joined and have denied remand. See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co., No. H-10-1846, 2011 WL 240335, *1-4 (S.D. Tex. Jan. 20, 2011); TAJ Props., LLC v. Zurich Am. Ins. Co., No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010).

[26]In fact, the evidence in the record shows that Anthony corresponded with Sargent multiple times regarding the status of her claim. See e-mail from Robert Anthony to Jessica Sargent, Feb. 23, 2009, Exhibit C to Plaintiff's Motion, Docket Entry No. 9, p. 1.

[27]Because the court concludes that Sargent alleges a viable cause of action against Anthony under the Texas Insurance Code, it need not address Safeco's arguments concerning Sargent's fraud claims. See Smallwood, 385 F.3d at 573.

vagueness of Sargent's allegations applies with equal force to the allegations against Safeco as it does to the allegations against Anthony.  See Smallwood, 385 F.3d at 575 ("The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction.  A showing that the plaintiff's case is barred as to all defendants is not sufficient.").

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that Sargent's allegations directed at Anthony in his individual capacity are sufficient to withstand an improper-joinder analysis and that the court therefore lacks subject matter jurisdiction. Accordingly, Plaintiff Jessica Sargent's Motion to Remand and Supporting Memorandum (Docket Entry No. 9) is **GRANTED**.  This action is **REMANDED** to the 11th Judicial District Court of Harris County, Texas.  The clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 2nd day of March, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE